Pamela Hill, Individually and on behalf of all those similarly situated, Appellant *v.* South Williamsport Area School District, Appellee.

452

Argued April 9, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Richard A. Gahr, Kieser and Gahr,* with him *W. David Marcello, Smith, Marcello & Lepley,* for appellant.

*John R. Bonner, Casale & Bonner,* for appellee.

*Nancy K. Matlowski,* Assistant Attorney General, for Amicus Curiae, Pennsylvania Department of Education, in support of appellant.

*Harvey Freedenberg,* with him *Francis B. Haas, Jr., McNees, Wallace & Nurick,* for Amicus Curiae, Pennsylvania Association of Colleges and Universities, in support of appellant.

*D. Barry Gibbons, Gibbons, Buckley, Smith, Palmer and Proud,* for Amicus Curiae, Commission for Community Colleges, in support of appellant.

*Nathan W. Stuart, Stuart, Murphy, Smith, Mussina, Harris & Rieders,* for Amicus Curiae, Williamsport Area Community College, in support of appellant.

OPINION BY JUDGE CRAIG, June 3, 1981:

Appellant Pamela Hill, individually and on behalf of over one hundred other students attending Williamsport Area Community College, appeals an order by the Court of Common Pleas of Lycoming County which dismissed her exceptions and entered a final order confirming the decree nisi in favor of South Williamsport Area School District (SWASD).

Appellant instituted the class action claim in January of 1980 to contest the legality of tuition charges imposed by SWASD upon community college students residing in that district.

In 1965 the State Board of Education had approved a plan submitted by a group of school districts—not then including SWASD—for the formation of the community college; the districts entered into articles of agreement which delineated the college's administrative and fiscal procedure. In addition, the districts adopted "Resolutions constituting such districts as Local Sponsor of [the] Community College," pursuant to the provisions of the Community College Act of 1963 (Act).[1]

On September 8, 1969, SWASD by resolution adopted the agreement and thereby, according to a stipulation of the parties, became "one of twenty (20) school districts which comprise the local sponsor" of the community college.

In June of 1979, the college's trustees submitted the annual budget for the college to the member districts for approval; as required in Article 5 of the

---

[1] Act of August 24, 1963, P.L. 1132, *as amended,* 24 P.S. §5201 *et seq.*

agreement, two-thirds of the member district boards passed the budget, which set the student tuition, to be paid to the college, at $740.

On August 1, 1979, SWASD's board adopted an additional charge of $110 per year to be imposed upon each community college student residing in SWASD, for the issuance of a "Certificate of Sponsorship"; the certificate presumably attests that the student resides in a sponsoring community, thus entitling him to the reduced college tuition rate. On January 2, 1980, the SWASD board adopted another resolution, reducing the "tuition charge" to $33.50 per student, and refunding the excess from the previous term.[2]

Appellant sought an injunction against SWASD to prevent it from collecting its tuition charges, and requested reimbursement of money already collected.

The court of common pleas denied the relief, holding that the constituent members of the local sponsor,

---

[2] The board's determination of that figure, as stipulated by the parties, was based on the following calculations under the 1979-1980 budget:

| | |
|---|---|
| Student tuition | $ 740 |
| Local sponsor share | $1220 |
| | |
| Total cost per student | $1960 |
| Local sponsor share to be satisfied as follows: | |
| State contribution | $ 500 |
| Member school district (SWASD) share (1/3 of operating costs, of $1960 ÷ 3) | $ 653 |
| Additional student tuition (paid in two terms at $33.50 per term) | $ 67 |
| | |
| Total sponsor commitment | $1220 |

The latter resolution resulted in a refund of approximately $76.50 per student for the first term ($110 — $33.50 = $76.50).

including SWASD, had an "inchoate authority" to collect tuition from students in order to satisfy their financial commitments to the community college. Characterizing the charge as a "special user's tax," the court stated that it was permissible for the school district to pass along some of its share of the costs of operating the college to the residents of the district who attend the college.

Both the appellant and SWASD dispute the court's appellation of the fee, and we agree that the "user tax" label is inappropriate. The SWASD board clearly did not adopt the charge as a tax. Had they done so, the money would be a resource of the district, but such a tax might be vulnerable to challenge under the uniformity provision of the Pennsylvania Constitution, art. VIII, §1.

We agree, however, with the court's conclusion that SWASD is a *member* district of the local sponsor, and is not the local sponsor itself. As defined in Section 2 of the Act, 24 P.S. §5202, those terms are distinguishable:

> (2) 'Local sponsor' shall mean a school district of a municipality or a county board of school directors or any combination of school districts, municipalities or county boards of school directors which participate or propose to participate in the establishment and operation of a community college.

> (3) 'Member' of a local sponsor shall mean any school district or municipality which alone is or with other districts and municipalities is included in a local sponsor.

24 P.S. §5202(2) and (3).
*See also, Community College of Beaver County v. Aliquippa School District*, 4 Pa. Commonwealth Ct. 483, 287 A.2d 844 (1972) (adoption by school district

of proposed plan for community college was a proposal to participate in the establishment as a member of the local sponsor).

With those definitions in mind, we turn to that section of the Act recognized by both parties as the key to this dispute. Section 14(a) states:

§5214. Financial Program; reimbursement or payments

(a) The plan submitted by the local sponsor shall set forth a financial program for the operation of the community college. The plan shall provide that at least two-thirds of the annual operating costs and up to one-half of the annual capital expenses *shall be appropriated or provided by the local sponsor to the community college* and such allocation may in part be represented by real or personal property or services made available to the community college. The plan shall indicate whether the appropriation shall come from general revenues, loan funds, special tax levies or from other sources, *including student tuitions.* (Emphasis added.)

24 P.S. §5214(a).

Appellant contends that the section allows only the local sponsor—that is, the whole group of districts constituting the local sponsor—to charge tuition, and then only by virtue of an authorization in the plan. Unquestionably, the one and only plan adopted for the community college contains no such authorization. Appellant therefore maintains that, as an individual district, SWASD has no power under the Act to levy a tuition charge.

The plain language of Section 14(a) indicates that the financial responsibility for two-thirds of the annual operating costs and one-half the annual capital expenses rests with the members comprising the

local sponsor, and is *not* to be taken from the resources of the community college.

Plainly, tuition is consideration paid by students to an educational institution in exchange for services rendered by that institution. *Webster's New Collegiate Dictionary* (1977) defines "tuition" as "the price of payment for instruction." Section 9 of the Act, 24 P.S. §5209, restricts the tuition to be charged by a community college to "not more than one-third of its annual operating costs."

Thus, a member district which, absent mutual authorization, charges tuition for its share of the financial responsibility to the community college is invading the revenues of the college rather than contributing to its support. SWASD cannot make a tuition charge to fulfill its distinct financial obligation, short of plan amendment.

In garnering its share from the tuition earned by the college, SWASD has adopted an approach analogous to that of a partner in a law firm who, called upon to make a capital contribution to the firm, would attempt to marshal his share from the fees earned by the firm.

Although SWASD cannot unilaterally charge college tuition, it is not precluded from raising revenue for its community college contribution through taxation as specifically authorized in the Act.[3]

Hence, we must reverse the court below and remand with directions to grant the relief requested by appellant.

### Order

And Now, June 3, 1981, the orders of the Court of Common Pleas of Lycoming County, No. 80-0133, dated May 19, 1980 and June 19, 1980 are reversed. The case is remanded to that court with directions to

---

[3] *See* Section 10 of the Act, 24 P.S. §5210.

458

issue a permanent injunction against South Williamsport Area School District to prevent further collection of any tuition charge from students of the Williamsport Area Community College residing in its district; and to order reimbursement of all such charges heretofore collected from those students, with interest according to law.